### PRINDLE *against* GLOVER and another.

In an action of trespass against *A.* and *B.*, the plaintiff, after proving the commission of the trespass by *B.*, claimed, that *A.* aided and abetted him

*Fairfield,*
June,
1822.

Prindle
*v*
Glover.

therein. In support of this claim, the plaintiff proved, that *A.* and *B.* were together at 12 o'clock at night, about the time when the trespass was committed, and near the place, and had been seen there, several times, during the preceding night and evening. To repel the presumption arising from this evidence, *A.* offered to prove, that *P.*, near whose house the injury complained of was done, had recently committed a violent secret assault, which excited great public alarm; and that *A.* with others, was out, at such time and place, for the purpose of arresting him. Held, that the evidence so offered by *A.* was admissible.

This was an action of trespass and assault and battery; tried at *Danbury, September* term, 1822, before *Brainard,* J.

There was no proof, on the trial, that the defendant *Glover* personally committed the trespass complained of. But the plaintiff insisted, and adduced evidence to prove, that *Frederick*, a negro, the other defendant, made an assault on her, at the time alleged, at the dwelling-house of *Bennett Prindle* in *Newtown;* and that *Glover* aided and abetted him, therein. To establish this fact, the plaintiff introduced testimony to prove, that at the time stated in the declaration, *viz.* about 12 o'clock at night, *Frederick* and *Glover* were together, at or near the place where the assault was alleged to have been made; and had there been seen at several times during the preceding evening. To rebut this testimony, *Glover* stated, and offered evidence to prove, that a day or two before, *Bennett Prindle* had committed a violent secret assault on one *Philo Booth,* which occasioned great public alarm among the inhabitants of the town; for which *Booth* had prayed out a process on the statute relating to secret assaults, and put it into the hands of an officer to execute; that on the same day, a complaint by parol had been made to the grand-jurors of the town, against the same person, that he had stolen, some weeks before, a five dollar bank bill from the defendant *Glover,* for which the grand-jurors had determined to issue process, but at the time of the alleged assault, none had been issued; that from both of these complaints *Prindle* had fled to avoid process; and that *Glover,* with other inhabitants of the town, was out, on the night of the alleged assault, for the purpose of arresting him for these offences. The plaintiff objected to the admission of this evidence; contending that no testimony could be received, to shew a pursuit of *Prindle,* for the purpose of an arrest, by *Glover,* as he was not an officer; nor to prove an arrest, by any one, for the alleged theft, unless it was shewn that a theft had been committed. The judge rejected the evidence offered by the defendant

*Glover,* as to the secret assault; but permitted him to go into a full enquiry as to the theft.

The plaintiff having obtained a verdict, the defendant *Glover* moved for a new trial, on the ground that the evidence offered by him was improperly rejected.

*Sherman* and *Shelton,* in support of the motion, contended, That the evidence offered by the defendant *Glover,* was improperly rejected. The evidence previously adduced by the plaintiff, was such, that, if unexplained, it would afford a strong presumption of *Glover's* guilt. He was seen in company with *Frederick,* who committed the assault, at an unseasonable hour of the night, lurking about the house where the assault was committed, in an unusual manner. It was necessary for *Glover* to account for these facts; and to shew, that he had a *different motive* for being out, at this time, and at this place, and for conducting in this manner, from the one imputed to him by the plaintiff. Such evidence would effectually repel the circumstantial evidence produced against him. But it was not incumbent on him to *justify* an arrest. It was not necessary for him to shew, that he was out for a *lawful purpose.* If he proved, that a violent assault had been committed, which excited public alarm; that the offender had fled to avoid process; and that he, *Glover,* was in fact endeavouring to apprehend him, lawfully or unlawfully—he would remove the presumption, arising from the plaintiff's evidence, that his object was to aid and abet *Frederick* in assaulting her. There is no reason why he should not have the benefit of his evidence for this purpose.

*Daggett* and *N. Smith,* contra, remarked, that the only evidence, which the judge rejected, was that offered to prove the *secret assault.* Why should *Glover* wish to introduce this evidence, except to try a cause not before the court? It was not relevant to the issue: it had no tendency to explain his suspicious conduct, at the time the plaintiff was assaulted. He was not precluded, by the decision of the judge, from shewing the occasion that called him out. The ground taken by the defendant's counsel, is unsupported by the motion.

HOSMER, Ch. J. It is admitted, that *Frederick,* one of the defendants, committed the trespass alleged; and the enqui-

ry is, whether *Glover*, the other defendant, aided or abetted him, in the commission of the injury. It was proved, by the plaintiff, that at 12 o'clock at night, about the time when the trespass was committed, *Frederick* and *Glover* were seen together, near the place where the assault was made; and had been seen there, several times, during the night and evening preceding. From this an inference of their joint combination to commit the trespass, was attempted to be deduced; and to repel this inference, *Glover* offered to prove, that one *Prindle*, near whose house the plaintiff was assaulted, had committed certain offences, and had fled from process; and that he and others were out, at the time before mentioned, for the purpose of arresting him. This testimony the court rejected.

The appearance of *Glover* with *Frederick*, the negro, as a companion, and at an unusual hour of the night, had a tendency to implicate him, in that unlawful act committed. But the transaction would be explained, so soon as it should be proved, that an effort to bring a criminal to justice, had been the cause of these appearances. This would dissolve all the mystery attending the conduct of *Glover*, and exhibit a good reason, for his being the associate of *Frederick*, and roaming with him about the street, in the night season. The testimony offered by *Glover* was undoubtedly relevant, and should have been admitted. The mind of the judge appears to have been drawn from the real point, by the agitation of a question at the bar, respecting the right of *Glover* to arrest the criminal, which had no relation to the matter in controversy.

The other Judges were of the same opinion.

New trial to be granted.